UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SIMON SHOKR                                    CIVIL ACTION

VERSUS                                         NUMBER: 21-319

DARRYL VANNOY                                  SECTION: "B"(3)

## ORDER AND REASONS

Before the Court are the Magistrate Judge's Report and Recommendation ("R&R") dismissing petitioner Simon Shokr's ("Petitioner") petition for habeas corpus relief (Rec Doc. 13) and petitioner's objections to the R&R (Rec. Doc. 14). For the reasons discussed below,

**IT IS ORDERED** that the Report and Recommendation is adopted as the opinion of the court, overruling petitioner's objections to same.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 4, 2016, petitioner was convicted under Louisiana law of the following crimes: aggravated rape of a minor under the age of thirteen (Count 1); sexual battery upon a minor under the age of thirteen (Count 2); and indecent behavior with a juvenile (Count 3). Rec. Doc. 13 at 1. On March 23, 2016, he was sentenced to the following terms of imprisonment: life on Count 1; fifty years on Count 2; and seven years on Count 3. *Id*. It was ordered that petitioner's sentences be served consecutively and that the

1

sentences on Count 1 and 2 be served without benefit of parole, probation, or suspension of sentence. *Id.* In February of 2017, the Louisiana Fifth Circuit Court of Appeal affirmed his convictions, amended his sentences on Counts 1 and 2 to delete additional fines which had been imposed, affirmed those two sentences as amended, and affirmed his sentences on Count 3. *Id.* The Louisiana Supreme Court then denied his related writ application on December 15, 2017. *Id.*

On June 29, 2018, the petitioner filed a pro se application for post-conviction relief with the state district court, which he later supplemented on August 6, 2018. *Id.* at 2. The district court denied post-conviction relief on July 9, 2018, August 13, 2018, and October 4, 2018. *Id.* His related writ applications were then denied by the Louisiana Fifth Circuit Court of Appeal on January 14, 2019, and by the Louisiana Supreme Court on October 1, 2019. *Id.*

On or after January 10, 2021, petitioner filed the instant federal application seeking habeas corpus relief. *Id.* The state filed a response arguing that the application should be dismissed as untimely. *Id.* Petitioner submitted a reply, and then also filed what appeared to be a supplement or amendment to his federal application. *Id.* On March 3, 2022, the Magistrate Judge recommended that petitioner's application be dismissed with prejudice. *Id.* at

15. Petitioner timely objected to the Report and Recommendation on March 16, 2022. Rec. Doc. 14 at 14.

## II. FINDINGS AND CONCLUSIONS

In the Magistrate Judge's R&R, the Judge found that petitioner's federal habeas corpus petition was untimely because it was not filed before the July 23, 2020 deadline. Rec. Doc. 13 at 8. Upon filing the instant application for habeas relief, petitioner states that he filed a prior habeas application before the latter deadline. Rec. Doc. 4, p. 13. However, the Magistrate Judge was unconvinced because the petition only offered his own statement as proof that he previously submitted a timely application. Rec. Doc. 13 at 7. Further, petitioner failed to provide any exceptions allowing for equitable tolling or for reviewing his petition based on actual innocence. *Id.* at 9-15.

Instead of focusing on the timeliness of his habeas application, petitioner asserted in the instant objections to the R&R that his conviction was unconstitutional and procedurally inadequate under state law. Rec. Doc. 14 at 1. He also posits three "challenges," but does not explain how these challenges may relate to the Magistrate Judge's R&R. *See* Rec. Doc. 14-2. The challenges he lists are: "(1) Donald Trump government shutdown 2019; (2) Laura Cat (4) made landfall on August 27, 2020, and 3:20-Cv-00488 M.D.; (3) Quarantine Covid-19 restrictions from 2020-2022. *Id.* Assuming

3

they are in reference to equitable tolling, the foregoing challenges are unconvincing.

Petitioner addresses issues not discussed in the Magistrate Judge's opinion. Rec. Doc. 14. Specifically, petitioner argues that his initial indictment in state court violated state law. *Id.* This claim is not properly before the Court because petitioner waited until after the Magistrate's Report and Recommendation to raise it. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (finding respondent's objections "were not properly before the district court," and thus declining to address them, because respondent first raised these issues in his objections to the magistrate judge's findings, conclusions, and recommendations); *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994) (waiving respondent's claims because he waited until after the magistrate judge had issued a Report and Recommendation to raise new claims). Therefore, the Court will not address petitioner's claim that his indictment violated state law.

### A. STANDARD OF REVIEW

The district court may refer dispositive matters to a magistrate judge, who then issues a Report and Recommendation. 28 U.S.C. § 636 (2022). A petitioner may file an objection to the Report and Recommendation within fourteen days. *Id*.

When a petitioner files a timely objection to a Report and Recommendation, the district court "shall make a de novo

4

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Any portions of the Report and Recommendation not objected to will be reviewed by the Court only for clear error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1) (2022). The district court may adopt the Magistrate Judge's findings and conclusions if the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (2012); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## B. Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a petitioner to bring a federal writ of habeas corpus within one year of the date his or her conviction becomes final. 28 U.S.C. § 2244(d)(1)(A); *Duncan v. Walker*, 533 U.S. 167, 179-180 (2001). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Accordingly, "a conviction becomes final when the period for filing a notice of appeal expires

5

and no appeal has been taken." *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003). However, this one-year limitation period may be interrupted or tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010).

   Statutory tolling occurs when "the running of the statute of limitations is interrupted during the period of time in which state post-conviction relief or collateral review is pending." 28 U.S.C. § 2244(d)(2). For statutory tolling to apply, the interrupting action must be: "(1) an application for state post-conviction or collateral review (2) with respect to the pertinent judgment or claim, (3) which was properly filed." *Id.* "An application for state post-conviction or other collateral review that is filed after the statutory tolling period would have expired does not trigger statutory tolling." *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). In determining whether an application is timely for AEDPA purposes, the Court applies the mailbox rule to pleadings filed by *pro se* litigants. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006) (applying the mailbox rule because the applicant must "conform with a state's applicable procedural filing requirements" and Louisiana uses the mailbox rule). Under this rule, "pleadings, including habeas proceedings received by *pro se* litigants, are deemed filed on the date when prison officials receive the pleading from the prisoner for delivery to the Court." *Houston v. Lack*, 487 U.S. 266, 273 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th

6

Cir. 1999). This rule can apply to a pro se litigant's pleading, regardless of whether the pleading reaches the Court. *Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009). If there is uncertainty about when prison officials received the pleading, a court will look at circumstantial evidence to prove placement of the letter in the mail. *United States v. Ekong*, 518 F.3d 285, 287 (5th Cir. 2007).

A bare assertion is not sufficient to prove that a petitioner placed a petition in the mail. *Id.; see also United States v. Duran*, 934 F.3d 407, 413 (5th Cir. 2019) (noting that unsworn statements along with a lack of evidence as to when the prisoner submitted the pleadings are unpersuasive). However, the Fifth Circuit has recognized that "[a] sworn statement is credible evidence of mailing for the purposes of the mailbox rule." *Gezu v. Charter Communs.*, 17 F.4th 547, 552 (5th Cir. 2021) (quoting *Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 420 (5th Cir. 2007)).

Usually, unsworn declarations are not credible evidence of mailing; however, there is a statutory exception under 28 U.S.C. § 1746. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). The Fifth Circuit treats an unsworn declaration the same as an affidavit so long as it substantially follows a particular form under 28 U.S.C. § 1746. *Id*. Rule 3(d) for § 2254 Cases confirms the Fifth Circuit's treatment when it says:

7

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

To be compliant with § 1746, the statements within the unsworn declaration need to be made "under penalty of perjury" and verified as "true and correct." *Nguhlefeh Njilefac v. Garland*, 992 F.3d 362, 365 n.4 (5th Cir. 2021); *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n.2 (5th Cir. 2013). The declaration must also state that "first-class postage has been pre-paid," but if missing this exact statement, a court will look at other evidence to verify that the petitioner used first-class postage. *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (concluding that the petitioner's application was timely even though he did not specify that he prepaid first-class postage, but the record showed that he used two pre-paid postage stamps). With these requirements, the declarations have the "force and effect [of a] sworn affidavit." *Nguhlefeh*, 992 F.3d at 365 n.4. Thus, when a litigant has certified under "penalty of perjury that his petition was deposited in the prison mailing system on a certain date, the petition is deemed filed on that date." *United States v. Nyamaharo*, 514 F. App'x 479,

480 (5th Cir. 2013); *Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009).

Here, the instant habeas application was not timely. Rec. Doc. 13 at 6. Petitioner's state criminal judgment became final for federal purposes on March 15, 2018. *Id.* at 4. Therefore, petitioner had one year from this date to file his habeas petition. *Id.; see also* 28 U.S.C. § 2254(A) (requiring that a one-year period of limitation shall apply to an application for a writ of habeas corpus" running from "the date on which the judgment became final"). Thus, absent tolling, the petitioner had until March 16, 2018, to file a § 2254 petition. *See* 28 U.S.C. § 2244(d)(1). This deadline was tolled after 105 days and remained pending until October 1, 2019. Rec. Doc. 13 at 5; *see also* U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."). The limitation period resumed and was once again tolled on October 8, 2019. Rec. Doc. 13 at 5. This tolling period ended on November 12, 2019. *Id.* At this point, 111 days of the limitation period had elapsed. *Id.* at 6. Accordingly, the petitioner had until July 23, 2020, to either file a federal application or toll the limitation period again. *Id.; see also* 28 U.S.C. § 2244(d). As petitioner filed the instant petition on or

around January 10, 2021, the Magistrate Judge was correct in finding the petition untimely. Rec. Doc. 13 at 15.

The Magistrate Judge's ruling that the instant petition was not filed before the July 2020 deadline is supported by the record. The petition was not signed until January 10, 2021, was mailed in an envelope bearing a metered postage label dated February 8, 2021, and was received by the Court for filing on February 11, 2021.

Although the instant petition on its own is untimely the Magistrate Judge correctly addressed whether petitioner filed a prior habeas petition before the July 2020 deadline. *See id.* In petitioner's January 10, 2021, petition application, he argues he filed a timely "writ of habeas in this court on Nov. 12, 2019, without an answer." Rec. Doc. 1; Rec. Doc. 4 at 13. He attached a Federal Habeas Corpus petition dated November 12, 2019, as well as a form titled "Declaration of Inmate Filing." Rec. Doc. 4-2. The declaration of inmate filing states "Today November 12, 2019, I am depositing the Petition for Federal Habeas Corpus in this case in the institution's internal mail system for electronic filing by the Legal Programs Department." Rec. Doc. 4-2 at 71. It includes "I declare under penalty that the foregoing is true and correct (see: 28 U.S.C. § 1746, 18 U.S.C. § 1621)." *Id.*

The unsworn declaration appears to have been made under penalty of perjury by a verification of it being true and correct. *Id.; see also Nissho-Iwai Am. Corp.*, 845 F.2d at 1306; *Nguhlefeh*,

10

992 F.3d at 365 n.4. He did not include the statement "first-class postage has been paid".

In the R&R, the Magistrate Judge was unconvinced that the petitioner filed this instant application before the deadline of July 23, 2020. Rec. Doc. 13 at 6. The Judge noted that petitioner "offered nothing other than his own statement that a prior habeas application was filed before the limitations period expired." *Id.* at 8. Moreover, she stated that petitioner needed "any other evidence" confirming electronic filing. *Id.* at 7-15. No other evidence has been presented by petitioner. *See, e.g., Washington v. Ollison*, No. C 06-4490, 2007 WL 1378013, at *3 n.3 (N.D. Cal. May 9, 2007) (prisoner presented several forms of evidence substantiating his claim that he had in fact mailed his petition on time); *see also Champman v. Ricks*, No. 9:03-CV-0171, 2008 WL 820189, at *8 (N.D.N.Y. Mar. 26, 2008) (accepting similar assertions because "[Champman]'s claim is not simply a bald accusation. He has presented evidence to support his claim").

Petitioner Shokr has not provided the Court with a receipt from the Legal Programs Department confirming the electronic filing – or, for that matter, any other evidence from the department confirming that he submitted such a document for electronic filing. As the United States Supreme Court has noted, prison authorities normally "have well-developed procedures for recording the date and time at which they receive papers for

11

mailing" and so ""reference to prison mail logs will generally be a straightforward inquiry." That petitioner has offered no such evidence – or, alternatively, evidence that such records are not kept at the Louisiana State Penitentiary[1] – is telling.

As found by the Magistrate Judge, petitioner failed to offer any explanation why he made no inquiries as to the status of that filing for more than a year after an alleged November 2019 filing.

The record and law clearly support the Magistrate Judge's Report and Recommendation relative to findings regarding equitable tolling, even though petitioner did not address that in his objections; and her findings relative to the failure by petitioner to invoke or show a convincing claim of actual innocence to overcome the AEDP's statute of limitations are further supported by the record and applicable law cited in the R&R. *See* Rec. Doc. 13 at 11-13, including cited legal authorities and record evidence.

Accordingly, petitioner Shokr's §2254 request for habeas corpus relief is dismissed.

New Orleans, Louisiana, this 8th day of March, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] There is reason to believe that such records would in fact exist, because it has been established in past cases that the Louisiana State Penitentiary maintains a log of all legal mail electronically filed with the federal district courts in this state. *See, e.g., Trice v. Vannoy*, Civ. Action No. 19-10787, p. 3 (E.D. La. Apr. 28, 2021) (Report and Recommendation adopted by Lemmon, J., on May 21, 2021); *Videau v. Vannoy*, Civ. Action No. 18-4774, p. 3 (E.D. La. Apr. 5, 2021) (Report and Recommendation adopted by Feldman, J. on May 3, 2021).

12